Sidney KELT, Jr., Appellant,

v.

Diane KELT, Appellee.

No. 10–00–272–CV.

Court of Appeals of Texas,
Waco.

Dec. 19, 2001.

Leslie D. Ware, Dallas, for appellant.

Patrick Wilson, Ellis County Asst. District Attorney, Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Chief Justice McDONALD (Retired).

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

This is an appeal by Appellant Sidney Kelt, Jr. of a protective order issued pursuant to Title IV of the Texas Family Code.

## Jurisdiction

Whether we have jurisdiction over an appeal from a protective order first came before this Court in 1997 in *Normand v. Fox*, 940 S.W.2d 401 (Tex.App.—Waco 1997, no writ). At that time a majority of the Court held that absent an express legislative grant we did not have jurisdiction to review interlocutory orders and that a protective order is interlocutory because it may be modified by the trial court. Nevertheless all members of the Court believed that a protective order *should* be subject to appellate review, and caused House Bill 2811, which provided for appellate review of protective orders, to be introduced in the Legislature. HB 2811 did not survive the legislative process and was never enacted.

Since that time three Courts of Appeals have determined that protective orders are also injunctions and as such are appealable. *James v. Hubbard*, 985 S.W.2d 516 (Tex.App.—San Antonio 1998, no pet.); *Striedel v. Striedel*, 15 S.W.3d 163 (Tex.App.—Corpus Christi 2000, no pet.); *Winsett v. Edgar*, 22 S.W.3d 510 (Tex.App.—Fort Worth 2000, pet. denied). Based on these cases and our belief that a protective order *should* be subject to appellate review, we have reexamined our prior position. We conclude that a protective order gives injunctive relief and, if it disposes of all issues and parties, it is a final appealable order. *James*, 985 S.W.2d at 517. The mere designation will not in and of itself determine the nature of an order. We must examine the character and function of the order and determine its nature. *Del Valle Ind. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992).

The order before us "ordered that Sidney Kelt, Jr. is hereby immediately prohibited from committing family violence against Joshua Kelt for a period of two years." Since an injunction is appealable,

we hold that the order before us is appealable. *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex.2000).

## Facts

Sidney and Diane Kelt are the parents of Joshua Kelt, age 8, as well as two other boys, ages 10 and 5. During the last three years, Joshua, who has been diagnosed with a learning disability, has repeatedly made aggressive outbursts toward family members. In December 1999, Diane began taking Joshua to see Gail Cook, a licensed professional counselor in Dallas. On June 15, 2000, at one of their sessions, Ms. Cook informed Diane, who was in the waiting room, that Joshua had something he wanted to say to her. Diane entered the room where Joshua was and invited him to tell her what he had on his mind. In a calm and steady voice Joshua told her his father would fondle his genitals at night when Diane was asleep. Joshua did not tell Diane when the alleged abuse had occurred. Having never suspected her husband of having inappropriate sexual contact with any of her children, Diane questioned whether this outcry would provide an explanation for Joshua's past behavior. She reported the matter to Child Protective Services and the District Attorney's office and filed for a Protective Order on June 28, 2000. A hearing was held on July 11, 2000. At the hearing, Appellee attempted to introduce Joshua's out of court statements into evidence. Over Appellant's objection, the trial court admitted the statements under the excited utterance exception to the Hearsay Rule. TEX. R. EVID. 803(2).

Joshua did not testify at the hearing.

At the conclusion of the hearing, the trial court granted Appellee's request for a protective order and ordered that Appellant was prohibited from committing fami-

ly violence against Joshua for a period of two years, and from going within 100 feet of the parties' residence for two years.

Appellant appeals asserting the trial court erred in admitting hearsay statements allegedly made by Joshua, under the excited utterance exception. Rule 802 of the Rules of Evidence provides that "Hearsay" is not admissible except as provided by these rules.

■ Rule 803(2) provides that a statement is not excluded by the hearsay rule if it is "a statement relating to a startling event or condition, made while the declarant was under the stress of excitement caused by the event or condition." This exception is founded on the belief that statements made as a result of a startling event or condition are involuntary and do not allow the declarant an adequate opportunity to fabricate, thereby ensuring enough trustworthiness to fall outside the hearsay rule. *Hunt v. State*, 904 S.W.2d 813, 816 (Tex.App.—Ft. Worth 1995, pet. ref'd).

■ In order for the utterance to be admissible under the Rule 803(2) exception, the statement must be the product of a startling occurrence, the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and the statement must be related to the circumstances of the startling occurrence. *Couchman v. State*, 3 S.W.3d 155, 159 (Tex.App.—Ft. Worth 1999, pet. ref'd); *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App.1992).

■ The critical issue is whether the declarant made the statement while dominated by the emotion arising from the startling event or condition. *Id.; Adams v. State*, 936 S.W.2d 313, 315 (Tex.App.—Tyler 1996, pet. ref'd).

■ Additionally, there must be independent proof of the occurrence to which the statements relate; the statements themselves cannot be used to prove the exciting event. *Richardson v. Green*, 677 S.W.2d 497, 500 (Tex.1984).

■ At the protective order hearing, Diane Kelt testified that her son Joshua had made an outcry of abuse.

Q (State's attorney): Now, as best you remember, what did Joshua say to you?

A (Diane): He said that at night when I'm asleep, meaning me, when I am asleep, that his dad will come in his room and touch his—touch, play with, and rub his penis. He told me that he would have told me this sooner but he was too little. He didn't have words.

Over repeated objections by Appellant, the trial court admitted these statements under the excited utterance exception.

We believe the trial court erred in admitting this evidence. There was no evidence that the statements were spontaneous and made under the excitement of the event. The statements were no more than a narrative of an event Joshua said had taken place, rather than from an emotional reaction to such event. Finally, there is no independent proof that the events described by Joshua ever occurred.

*Spontaneity*

To know whether the statements were spontaneous, this court must know what startling event engendered Joshua's statements.

The record is silent as to what transpired in the counseling room prior to the outcry. Diane acknowledged on cross examination that she was not present in the counseling room and that she could not hear what was said. Without knowledge of what took place in the counseling session there are no circumstances for this

court to gauge whether the event was startling. Finally, the fact that the counseling environment likely involves some form of questioning by the therapist makes the situation one in which the statements are prompted by the questioning and not volunteered by the witness.

The statements elicited from Joshua never refer to or describe the circumstances involved in the counseling session; they only relate to the alleged incident of sexual abuse. We are then left to consider whether the statements made by Joshua could have been spontaneous utterances or whether they were suggested to him by the counselor's questions.

Diane testified on cross examination that Joshua did not tell her when the father's acts had taken place.

Without any evidence of when the abuse occurred, the trial court's position that the statements qualified as an excited utterance is considerably undermined.

### Emotional Reaction

There is no evidence that Joshua was still dominated by the emotions arising from the startling event. Diane described Joshua's demeanor as "not excitable," that his behavior was not extraordinary; that he spoke to her in a calm and steady manner; and that Joshua simply gave her a "narrative of what had taken place."

Joshua was relating to his mother, not reacting to an event; and we think that the trial court abused its discretion when it allowed the hearsay statements into evidence.

### Independent Proof of the Event

There was no evidence that the event ever occurred except for the hearsay statements of Joshua. Without independent corroboration, the child's statements are not admissible. *Id.*

We hold that the trial court should have sustained Appellant's objection to Diane's testimony relating to what Joshua had told her.

 Without the child's statements, there was no evidence to support the court's finding that family violence had occurred or that family violence was likely to occur in the future.

We sustain Appellant's point of error and contention made thereunder; set aside the court's finding of family violence; reverse the protective order; and render judgment that the Appellee's application be denied.

Reversed and rendered.