# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00543-CV

**B.C., Appellant**

**v.**

**Scotty L. Rhodes on behalf of T.L.R., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY, NO. 262619, HONORABLE MIKE DENTON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The majority opinion holds that the family-violence protective order at issue in this case is appealable as a final judgment despite the continuing jurisdiction of the trial court to modify the order. I respectfully dissent. Because family-violence protective orders can be modified at any time and for any reason by the trial court, I believe that by statutory design they do not dispose of all the issues and therefore we lack jurisdiction to entertain this appeal.

This Court recently held that a protective order rendered during the pendency of the parties= divorce is not a final judgment for purposes of appeal. *See Bilyeu v. Bilyeu*, 86 S.W.3d 278, 282 (Tex. App.CAustin 2002, no pet.). Although we reserved the issue of whether a protective order rendered in the absence of a pending divorce between the parties is within our appellate jurisdiction, we questioned whether

protective orders are properly appealable Ain any event.@ *Id*. at 282 n.4. Ultimately, we based our holding on reasoning that applies equally to the situation currently before us. We concluded that Athere is no final judgment due to the ongoing power and ability of the trial court to revise *any* provision in the protective order at *any* time before it expires.@ *Id*.; *see* Tex. Fam. Code Ann. ' 87.001 (West 2002). Today, the majority acknowledges the rule that a judgment or order is final if it disposes of all issues and parties, but does not adhere to it. Rather, and contrary to our conclusion in *Bilyeu*, the majority concludes that Aa family-violence protective order that disposes of all the parties and issues can be appealed *despite* the continuing jurisdiction of the trial court to modify the order.@ (Emphasis added.) Notably, the majority fails to provide a principled distinction between a protective order rendered during the pendency of a divorce and one rendered in the absence of a pending divorce. I do not believe that a principled distinction can be made.

This Court would do well to follow *Normand v. Fox*, where the court of appeals reviewed whether it had jurisdiction over an appeal from a protective order rendered *after* the parties divorced. 940 S.W.2d 401 (Tex. App.CWaco 1997, no writ).[1] The *Normand* court held that the protective order was not appealable for two reasons. First, the court reasoned that absent explicit statutory authority to review a protective order, the appellate court was without jurisdiction to review the order. *Id*. at 403. Second, the court reasoned that the trial court=s retained power and jurisdiction to modify the existing protective order,

---

[1] Granted, the court of appeals later reversed itself. *See Kelt v. Kelt*, 67 S.W.3d 364, 366 (Tex. App.CWaco 2001, no pet.). I note that the court did so with little more than a cursory explanation, stating that because it believed that Aa protective order *should* be subject to appellate review, we have reexamined our prior position.@ *Id*.

either by removing provisions from the order or adding a ruling not previously contained in the order, clouded the protective order=s finality. *Id*.

The majority does not appear to take issue with the first prong of the analysis in *Normand* but only disputes the second prong, arguing that the order=s finality is not clouded for the same reasons that a permanent injunction=s finality is not clouded despite a trial court=s jurisdiction to review, open, vacate, and modify the injunction. I am unconvinced by this analogy with permanent injunctions. A court=s ability to issue injunctive relief ultimately stems from its powers to grant equitable remedies; but its ability to issue a protective order as a result of family violence derives solely from legislative mandate. Thus, a trial court can modify, review, or vacate a protective order because the legislature designated such authority. *See* Tex. Fam. Code Ann. '' 85.025, 87.001 (West 2000).

As both *Normand* and *Bilyeu* recognized, the trial court=s ability to modify a protective order must be considered within the overall statutory scheme of the family code. *See Bilyeu*, 86 S.W.3d at 280, 282; *Normand*, 940 S.W.2d at 403. For example, the legislature designated a suit to modify a Suit Affecting the Parent-Child Relationship (ASAPCR@) as a new cause of action. *See* Tex. Fam. Code Ann. ' 156.004 (West 2002). In a suit to modify a SAPCR, while any modifications made by the trial court may alter the effect of the initial SAPCR provisions, the original decree remains final and a new final order results from the modification proceeding. *Id*. Conversely, in a proceeding to modify a protective order, at any time during its existence, all conditions and provisions therein are subject to change. Tex. Fam. Code Ann. ' 87.001. Further, there is no statutory provision designating a modification of a protective order proceeding as a new suit or keeping in place any of the original provisions or rulings. Considering that the

3

legislature has specifically designated a motion to modify support or conservatorship as a Anew suit,@ it is hard for me to see finality in a protective order that, in the *same* suit, can be modified in any manner and at any time before expiration.

The majority summarily concludes that the protective order in this case is a final judgment because it disposed of all the parties and issues. But if the protective order is continually subject to modification until the time it expires, then how can it be said that the entire controversy has been settled? The majority deems that the issues have been disposed of, but fails to explain how the trial court=s potential modification of the order=s provisions will or will not affect those issues. I believe that, in the context of any protective order, it is precisely its particular provisions that are at issue and that the legislature has determined should remain within the province of the trial court. In this case, the trial court could at any time increase or decrease the stay-away provision, allow the applicant and the respondent to communicate, or order the respondent to attend counseling, among other things. These changes would themselves be subject to revision. It makes little sense for an appellate court to determine in a lengthy appeal whether these provisions are sufficiently supported by the facts or the law when the legislature has determined that the issues that make up the subject matter of the appeal can be reserved for later disposition by the trial court.[2]

---

[2] The majority acknowledges that the normal appellate process does not provide for effective review of protective orders because a protective order is of short duration and therefore will often expire before a standard appeal is decided. The majority suggests that Athe most appropriate solution to this problem would be for the legislature to provide for appellate review of family-violence protective orders on an accelerated timetable.@ However, three bills have already been proposed that would provide a right of appeal from protective orders. *See* House Comm. on Juvenile Justice & Family Issues, H.B. 1741, 77th Leg. R.S. (2001); House Comm. on Juvenile Justice & Family Issues, H.B. 2786, 76th Leg. R.S. (1999); House Comm. on Juvenile Justice & Family Issues, H.B. 2811, 75th Leg. R.S. (1997). The bills, premised on the belief that appellate courts do not have jurisdiction to review and consider appeals of protective

Further, how can a trial court act to modify its order when the order is on appeal? Under the most basic rules of determining jurisdiction, has not the trial court=s plenary power been superseded by the loss of jurisdiction to the appellate court? Of course, unless also superseded, the trial court has jurisdiction to enforce its order; but nonetheless, it will be without jurisdiction to modify the order=s provisions while an appeal is pending.

Expressly concurring with Justice Yañez=s dissenting opinion in *Striedel v. Striedel*, in *Bilyeu* we stated that Athere are sound reasons for the trial court to maintain its ongoing modification power over the issues and parties.@ *Bilyeu*, 86 S.W.3d at 282 (citing *Striedel v. Striedel*, 15 S.W.3d 163, 168 (Tex. App.CCorpus Christi 2000, no pet.) (Yañez, J., dissenting)). Even if the majority is willing to retreat from the path that we set out on in *Bilyeu*, I would continue under the policy that Athe nature of a protective order and the ills it seeks to eradicate require the relief it provides to be tailored and revised to suit dynamic conditions and often volatile circumstances.@ *Striedel*, 15 S.W.3d at 168 (Yañez, J., dissenting). The legislature=s decision to reserve in the trial court the broad power to modify any provision of the protective order by including or excluding any item at any time clearly prevents the order from being an appealable, final judgment. Therefore, I would hold that we lack jurisdiction to entertain this appeal. I would further hold that, until the Texas Supreme Court declares that protective orders are final judgments for purposes of appellate jurisdiction, or until the legislature has designated protective orders as appealable interlocutory

orders, provided that an appeal of a protective order would be made on an accelerated process with preferential settings and strict deadlines. These bills have never passed.

5

orders, the proper procedure for appellate review of a family-violence protective order is by the expedient

mechanism offered by mandamus.

I respectfully dissent.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed:   September 11, 2003