In the Interest of T.M.G.R.

No. 09–05–002 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 10, 2005.

Decided May 26, 2005.

John Rynski, Mount Kisco, NY, pro se.

Richard D. Hughes, McPherson, Monk, Hughes, Bradley, Wimberley & Steele, LLP, Port Arthur, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

In this appeal from the modification of an order affecting the parent-child relationship, John William Rynski complains the trial court's order deviates from the parties' mediated settlement agreement. The appellee, Teresa Gorgano Stokely, contends that Rynski failed to raise his objections to the trial court and argues the order's merger clause incorporated the mediated settlement agreement into the order. We find Rynski did present most of his objections to the trial court, but we hold that the appellate record does not support the arguments he makes on appeal. We affirm the judgment of the trial court.

Rynski, who is representing himself in this appeal, presents one issue, as follows:

Several key clauses have been removed, outside the scope of the mediated agreement, from the Order of Parentage filed. The Order also contains several key clauses which are contrary to the mediated agreement read into the court record under sworn testimony one year prior to the filing. Several clauses are also believed to be unenforceable and one clause has been specifically disallowed by the Office of the Attorney General of the State of Texas.

Public policy encourages the peaceful resolution of disputes, especially those involving the parent-child relationship, through voluntary settlement procedures. *See generally* Tex. Civ. Prac. & Rem.Code Ann. § 152.002 (Vernon 1997) (authorizing establishment of alternative dispute resolution systems). An agreement made in open court and entered of record is enforceable. Tex.R. Civ. P. 11. A Rule 11 agreement may be enforced as a binding contract notwithstanding the withdrawal of consent by one of the parties to the agreement prior to judgment. *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex.1995). Rynski does not contest the trial court's power to enter a judgment in accordance with the Rule 11 agreement, but he argues the order does not comport with the settlement agreement. The ten errors identified by Rynski fall into two general categories: (1) clauses contained in the original order that were removed from the modified order without his consent, and (2) clauses in the modification order that differ from the mediated agreement upon which the trial court rendered judgment. We address each general category of alleged error separately.

Rynski and Stokely had each alleged the other committed numerous violations of the original order affecting the parent-child relationship. Part of the settlement agreement involved forgiving all past violations and represented an attempt to simplify the parties' respective rights and obligations. In memorializing their agreement in open court, the parties described their agreement to modify the prior order as follows: [1]

[Counsel for Rynski]: It is our understanding that there will continue to be a joint managing conservatorship with Mrs. Stokely being the primary, *with all of the joint managing conservatorship rights that are outlined in the Texas Family Code*, specifically each parent will have the independent right to take the child to a counselor or a psychologist without the permission or consent required by the other parent.

Is that your agreement, Mr. Rynski?

MR. RYNSKI: Yes.

MRS. STOKELY: Yes.

[Counsel for Stokely]: Specifically that includes Dr. Duncan. We don't want any more letters to the doctor that he can't see the child.

Is that agreed?

MR. RYNSKI: It's part of the Order.

MS. WALTON: *Is it your understanding, Mr. Rynski, that unless we have modified provisions in this agreement from your original Order of Parentage, all additional orders—provisions will carry over?*

MR. RYNSKI: Yes.

[Counsel for Rynski]: We are addressing that because you-all currently have a provision in your Order of Parentage that says something to the effect that if a Court finds that each one of you or either of you violates the Order on at least three different occasions you-all

---

1. Emphasis is provided by the Court.

could be held responsible for that party's attorney fees and a bond could be required.

MR. RYNSKI: Yes

[Counsel for Stokely]: Yes, that's certainly the agreement. *That's what we addressed when you said all of the provisions are going to carry over.* It's understood that because of the e-mail and the recorder, *all of that stuff is being wiped out by this agreement, that you give standard notice* for the flights, a written notice. We don't have to go into all that, do we?

[Counsel for Rynski]: No.

[Counsel for Stokely]: That's being replaced by this modification?

[Counsel for Rynski]: Yes.

[Counsel for Stokely]: Do you understand that, Mrs. Stokely?

MRS. STOKELY: Yes.

[Counsel for Stokely]: Do you understand what she said about that? *Basically what we're doing is we're changing the "subject to" business and we're saying you have the right to make the standard—what's standard in the Family Code, you have a right to make those decisions; and he's going to have a similar right. You have certain exclusive rights, and one of those is to determine the residence of the child.* Is that not correct?

[Counsel for Rynski]: Yes.

At the request of Rynski's attorney, the trial court pronounced rendition of judgment on the settlement agreement at the conclusion of the hearing. Over a year elapsed before the trial court conducted a hearing on motion to enter judgment and signed the written order. Counsel explained to the trial court that Rynski's attorney had prepared a draft order acceptable to Stokely, but that Rynski had insisted on inserting additional obligations.

On appeal, Rynski maintains the order entered by the trial court deviates from the agreement of the parties. Rynski identifies five provisions from the original order establishing paternity that were omitted from the modification order. First, the appellant argues the trial court improperly deleted a requirement that the appellee provide a list of the child's health care providers. Second, the appellant complains the trial court deleted a requirement that Stokely obtain a second opinion in the event she desires to schedule invasive medical treatment to which Rynski does not agree, and that she obtain a tie-breaker opinion if the second opinion conflicts with the initial opinion. Third, Rynski objects to the removal of a provision mandating a professional educational assessment in the event the parties disagree about which school the child should attend. Fourth, the appellant objects to the removal of a mutual requirement to notify the other parent within fourteen days of a firearm being brought into the home. Fifth, he complains the trial court removed the requirement that a competent adult remain visible in the doorway when the child is returned from a period of possession. The issue on appeal is whether the parties' agreement to continue as joint managing conservators, with Stokely as the primary managing conservator and the parties having the standard rights under the Family Code, constituted an agreement to modify specific provisions affecting those rights. Rynski relies upon his counsel's statement that, unless modified by their agreement, the provisions of the prior order would continue. The parties did not, he contends, agree to alter specific rights and obligations expressed in the original Order of Parentage.

When these alleged discrepancies were brought to the attention of the trial court during the hearing on the motion to enter

judgment, counsel for the appellee explained that the health care provider clause was not expressed as a continuing obligation in the original order, but was to be performed by February 15, 2001. As to that and the other four provisions, the appellee argued the parties' agreement was to revert to a standard agreement except where they specifically agreed to the contrary. Rynski's attorney addressed the trial court as follows:

[Counsel for Rynski]: I would like for the court to understand that it's very simple for us lawyers to say joint managing conservatorship with all the standard rights. But then when we come back and say, however, because that first order had so many unusual and case specific inserts and additional language, we are going to keep that. Unless we have specifically addressed it and changed it, we are going to keep everything else because it would have taken us two days to go through that prior order and pick and choose what we were changing and what we didn't. And we did not do that. We said joint managing with standard language, and we are going to keep everything else that was previously entered.

So, the majority of the objections that [Stokely's counsel] has are where I specifically went back and added the language that was case specific from the first one. So, I think mine accurately represents what our full agreement was, Your Honor.

■ Although the order being appealed is included in the clerk's record, the origi-

nal order affecting the parent-child relationship is not contained in the appellate record.[2] That order is not one of the documents included in the clerk's record absent a request in the designation of record. Tex.R.App. P. 34.5(a),(b). Thus, we have nothing against which to compare the order entered on the petitions for modification. There is also no written mediated agreement in the appellate record. Counsel for Rynski and for Stokely both referred to a written agreement during the hearing on motion to enter judgment, but we cannot determine whether a written agreement was filed with the trial court as required for enforcement under Rule 11.[3] When the appellant bears the responsibility to designate the inclusion of particular relevant documents in the appellate record, and fails to do so, "[w]e must presume the missing documents would sustain the trial court's ruling." *Till v. Thomas,* 10 S.W.3d 730, 734 (Tex.App.-Houston [1st Dist.] 1999, no pet.). There is no indication in the record that a written agreement was filed with the trial court, and we will presume the parties rely solely upon their in-court statements for their Rule 11 agreement. We address the merits of Rynski's argument to the extent we are able.

■ Rynski cites no authority in support of his argument, but he essentially argues that the trial court abused its discretion by deviating from the terms of the agreement in the judgment. In *Garcia–Udall v. Udall,* temporary orders gave one parent the exclusive right to consent to "invasive medical, dental, or surgical treat-

---

2. An unsigned copy of an "Order of Parentage" was attached as an exhibit to Rynski's original motion for enforcement. This order is not attached to Rynski's amended motion, and the clerk's record does not include the order actually signed by the judge. The order was not introduced into evidence at trial.

3. A written mediated settlement agreement in a suit affecting the parent-child relationship is enforceable notwithstanding Rule 11. *See* Tex. Fam.Code Ann. § 153.0071(d),(e) (Vernon 2002). The parties have relied solely upon Rule 11 in the course of these proceedings, and we limit our review accordingly.

ment." *Garcia–Udall v. Udall*, 141 S.W.3d 323, 327 (Tex.App.-Dallas 2004, no pet.). The parties subsequently executed a Section 153.0071 mediated settlement agreement that incorporated the temporary orders into the divorce decree, and also provided that one parent would have the final decision "in the event the parties cannot agree on medical, dental or surgical treatment involving invasive procedures." *Id.* at 327–28. The appellant argued the agreement changed the decision making on invasive treatment from appellee's exclusive right to a joint right. *Id.* at 328. Recognizing that an unambiguous contract must be interpreted as a matter of law, and ambiguity does not arise merely because the parties advance differing interpretations, the court of appeals held the adjectives "medical, dental or surgical" modified the same noun, "treatment" and the participial phrase "involving invasive procedures" modified the noun "treatment" and was not limited to surgical treatment. *Id.* The court of appeals reversed the trial court and modified the judgment to make the decree conform to the mediated agreement. *Id.* at 329. "The fact that the trial court interpreted the mediated settlement differently is irrelevant because the trial court has no discretion to misapply the law." *Id.*

Similarly, in *Casper v. Preston*, No. 01–01–00322–CV, 2003 WL 1563985, \*2 (Tex. App.-Houston 2003, no pet.)(memo.opin.), the mediated agreement entered pursuant to Family Code § 153.0071 provided for a "Standard Possession Order" and stated that the father could possess the children for an extended summer vacation of "at least 21 days." After the trial court entered a decree that provided only 21 days of extended summer possession, the appellate court reformed the order to provide for weekend visitation throughout the year and added 30 days of summer vacation

possession, 21 of which could be exercised as extended summer possession. *Id.* at \*4.

In this case, however, Rynski has not established a deviation from the mediated agreement. The parties agreed to carry forward from the original order to the new order any terms not addressed in the Rule 11 agreement. The rights of the parents were addressed in the mediated settlement when they agreed to joint managing conservatorship with the standard rights contained in the Family Code. *See* TEX. FAM. CODE ANN. §§ 153.071–.076 (Vernon 2002 & Supp.2005). Although we cannot discern whether the order modified the prior order in the manner asserted by the appellant, we conclude that the trial court's order comports with the Rule 11 agreement as to the provisions at issue.

Rynski identifies five additional provisions he contends differ from the mediated agreement. The record contradicts his claims. First, Rynski complains the trial court altered the beginning time of possession from the time school is dismissed for Spring Break to 6:00 p.m. At the settlement hearing, the parties addressed the fact that the child would be flying to New York for visitation with Rynski, and they agreed that flights would be scheduled no earlier than two hours after school is released. Second, Rynski complains that the word "accompany" has been replaced with the phrase "always be with" regarding his international travel with the child. In the settlement hearing, Rynski's lawyer stated, "Mr. Rynski will also always be with [T.M.G.R.], physically present with [T.M.G.R.], when they travel outside of the country...." Third, the appellant complains that the provision regarding removing his name from the child abduction list is unenforceable as written and must require Stokely to immediately act to remove his name from any and all government lists to which she has added his name. At

the settlement hearing, Rynski agreed he would "take responsibility of finding out what that requirement is, providing us with any necessary documentation ..." and that Stokely would "cooperate" with him. Fourth, Rynski complains that a provision regarding removing derogatory letters from the child's school file is unenforceable and that Stokely should be ordered to act immediately to remove the letters. The order is consistent with the agreement expressed by the parties, that "[t]he burden is on him" and that the appellee would "sign and give permission for that to be removed" but would not "file any lawsuits or anything to get that done." Fifth, Rynski objects on appeal to a provision that if Rynski paid for the child's transportation costs on behalf of Stokely (who was ordered to pay the cost of every other out-of-town visitation by the child), the actual amount would be credited toward his child support. He argues the provision is unenforceable and that the order must be changed to order Stokely to immediately reimburse Rynski the amount of her obligation toward the child's travel costs. The order entered by the trial court is consistent with the Rule 11 agreement that "If [the appellee] does not advance that [flight] cost up to $310 and Mr. Rynski has to pay that fee, then the amount he had to pay on her behalf will get credited towards his child support obligation." Because these provisions are consistent with the agreement the parties expressed in open court, the trial court did not abuse its discretion by including them in the order.

▪ Furthermore, Rynski did not timely present to the trial court his complaints that three of the provisions are unenforceable. *See* Tex.R.App. P. 33.1. In addition, his briefs to the Court refer to events and documents for which there is no evidentiary support in the record. Documents not properly presented to the trial court cannot be incorporated into the appellate record through inclusion in the appendix to the brief. *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 n. 2 (Tex. App.-Houston [14th Dist.] 2003, no pet.).

The appellant fails to establish that the order entered by the trial court includes provisions contrary to the agreement dictated in open court. The judgment is affirmed.

AFFIRMED.