**AFFIRM; and Opinion Filed May 17, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01272-CV**

**MICKEY TURNER, Appellant**

**V.**

**NICOLE ROBERSON, Appellee**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 03-05790-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Bridges

Appellant Mickey Turner, appearing pro se, appeals from the trial court's denial of his three motions: (1) request for de novo hearing; (2) motion to transfer venue; and (3) motion to disqualify counsel. We affirm.

## BACKGROUND

On May 6, 2011, appellee applied for a protective order against appellant. Appellant filed his motion to transfer venue on May 23, 2011. On May 26, 2011, the associate court granted a protective order in favor of appellee. Appellant then filed a motion for de novo

---

[1] The Hon. Martin Richter, Justice, Assigned

hearing, seeking to overturn the grant of the protective order. At some point,[2] appellant filed a motion to disqualify counsel.

On June 24, 2011, the trial court conducted a hearing on appellant's motion to transfer venue and appellant's motion for de novo hearing. On October 12, 2011, the trial court signed orders denying appellant's motion to transfer venue, request for de novo hearing, and motion to disqualify counsel.

## ANALYSIS

We construe pro se briefs liberally; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978). From his brief, it appears that appellant raises six issues, contending the trial court abused its discretion by: (1) refusing to overturn the granting of the protective order against him; (2) denying the motion to disqualify appellee Nicole Roberson's counsel; (3) preventing appellant from making all of his arguments at the June 24, 2011 hearing; (4) terminating his parental rights under the guise of a protective order; (5) not applying res judicata to evidence introduced at a previous hearing; and (6) not excluding an affidavit as evidence when appellant did not have the opportunity to "confront and cross-examine the opposing witness."

### 1. *Motion to Transfer Venue*

In his first issue, appellant contends the trial court abused its discretion "by not dismissing without prejudice the application for protection order heard on June 24, 2011." Appellant's motion for de novo hearing sought to overturn the associate court's ruling on the protective order in favor of appellee on the ground that the trial court lacked subject matter jurisdiction to issue the protective order.

---

[2] The record does not include the motion to disqualify counsel, but does contain the October 12, 2011 order on the motion.

In his brief, appellant centers on his contention the trial court "does not have continuing, exclusive jurisdiction" and "can only dismiss the case without prejudice." Appellant further argues a transfer to Tarrant County was mandatory and "the trial court did not even have the authority to address the issue of the protective order because it was addressing the issue of the transfer during that hearing." Therefore, the thrust of appellant's argument is that the trial court's denial of his motion to transfer venue was improper.

Appellee's counsel represents to this Court, and appellant does not dispute, that no final order has been entered on appellee's October 15, 2007 motion to modify parent-child relationship.[3] Thus, a portion of this case appears to be still pending before the trial court. An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal. *See In re Kerst*, 237 S.W.3d 441, 443 (Tex. App.—Texarkana 2007, no pet.) (citing TEX. FAM. CODE ANN. §155.204 (h)). We are, therefore, without jurisdiction to consider the denial of appellant's motion to transfer venue. *See id.* We overrule appellant's first issue.

### 2. *Motion to Disqualify Counsel*

In his second issue, appellant argues the trial court abused its discretion "by not dismissing the Appellee's Counsel at the hearing on June 24, 2011."

Again, we have no jurisdiction over this issue because the order on his motion to disqualify counsel is not a final appealable order or judgment, nor is it an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014 (a) (listing appealable interlocutory orders); *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Malik v. Malik*, No. 2-09-213-CV, 2009 WL 2579652, at * 1 (Tex. App.—Fort Worth Aug. 20, 2009, no pet.). We overrule appellant's second issue.

---

[3] The record does not include a final order on appellee's October 15, 2007 motion to modify parent-child relationship.

### 3. Protective Order

Appellant's remaining issues are derived from the trial court's denial of appellant's request for de novo hearing or, more specifically, from the trial court's refusal to overturn the associate court's issuance of a protective order against appellant.

### a. Jurisdiction

We first consider appellee's argument that because a motion to modify is presently pending on the trial court's docket, the protective order cannot be appealed until the motion to modify is decided. As to the protective order, we disagree.

Protective orders are also injunctions and, as such, are appealable. *See Kelt v. Kelt*, 67 S.W.3d 364, 366 (Tex. App.—Waco 2001, no pet). This Court has previously held that "a protective order rendered pursuant to the family code is a final, appealable order as long as it disposes of all parties and all issues." *Cooke v. Cooke*, 65 S.W.3d 785, 788 (Tex. App.—Dallas 2001, no pet.) (emphasis added).

The motion for protective order at issue here was filed over three years after the motion to modify and is not a part of that motion. Therefore, the finality of the protective order is unaffected by the continued pendency of the motion to modify. *See Thompson v. Thompson-O'Rear*, No. 06-03-00129-CV, 2004 WL 1243080, at *1 (Tex. App.—Texarkana June 8, 2004, no pet.) (not designated for publication).

The mere designation of an order does not determine the nature of an order. We, instead, examine the character and function of the order to determine its nature. *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). In this case, the protective order, on its face, disposes of the issues and parties and, therefore, the order is final and appealable. We conclude

we have jurisdiction to review matters relating to the protective order.[4] *See Thompson*, 2004 WL 1243080, at *1.

    *b. Argument At The Hearing*

In his third issue, appellant argues the trial court abused its discretion "by preventing [him] from making all of his arguments at the hearing on June 24, 2011." Appellant states: "[T]he Court allowed [him] to raise only one specific issue opposing the Protection Order before forbidding [him] from making further arguments." He goes on to argue that this is a "clear violation to [his] right to access to the court, freedom of speech, equal protection, and due process rights under the Texas and U.S. Constitution."

Our review of the reporter's record from the June 24, 2011 hearing indicates otherwise. After appellant conducted his examination of appellee's counsel, Keith Becker, the following relevant exchange ensued:

> THE COURT: Call your next witness.
>
> MR. TURNER: I'm done with the witness, except state for myself that nothing happened there. I did not threaten Ms. Robertson. I did not threaten anybody. I'm too busy trying to get things taken care of in my life to go around threatening anybody. It would be to my disadvantage to turn around and give them something to hit me over the head with, but I object, with all due respect, to this Honorable Court sitting there and, quote on quote, refusing the transfer on a suit that no action has been done on.
>
> THE COURT: Mr. Turner, stop for just a second. The *Motion to Transfer* has been denied and so the Court is not hearing any other argument or testimony with regard to the *Motion to Transfer*. Hold on.
>
> MR. TURNER: I was just asked to finish my –
>
> THE COURT: Okay. But you're going backwards. We've already moved on from that issue. We're going to take-up the issue of the appeal from the Associate Judge's ruling only and you may tell the Court what it is you'd like the Court to know about that particular order.

---

[4] In the appeal before us, "matters relating to the protective order" include appellant's third, fourth, fifth, and sixth issues.

> MR. TURNER: Well, with all due respect to the Court, all I'm wanting to do is get in the fact that I object on constitutional matters mainly separation of--of powers and equal protection of the law that--that this is--this is really is, with all due respect to the Court, wrong.
>
> THE COURT: Okay. Anything further on this issue? Do you have another witness?
>
> MR. TURNER: No, ma'am.
>
> THE COURT: Okay. Mr. Becker.
>
> MR. BECKER: We have nothing further, Your Honor.
>
> THE COURT: The appeal from the Associate Judge's ruling is denied. That's all for the record.

(emphasis in original).

Based upon the foregoing, we conclude the trial court gave appellant an opportunity to present his argument on the appeal of the associate judge's ruling on the protective order, but appellant elected to present nothing further at the June 24, 2011 hearing. Therefore, we overrule appellant's third issue.

### c. Termination Via Protective Order

In his fourth issue, appellant contends the trial court abused its discretion by terminating appellant's parental rights under the guise of a protective order. In particular, appellant argues that because the protective order prevented him "from making any type of contact with the child," the protective order "effectively terminates [his] parental rights" using only a preponderance of the evidence standard as opposed to the clear and convincing standard required by the family code for such terminations. Furthermore, appellant urges that if the trial court was going to have a hearing to terminate his parental rights, thereby affecting his "fundamental liberty interest," he should have been provided counsel. He also alleges he did not receive timely notice of the termination hearing or have a reasonable opportunity to prepare a defense. Finally,

with regard to this issue, appellant complains he was harmed by the trial court's inadequate findings of fact and conclusions of law.

In order to grant a protective order, a trial court shall find that family violence has occurred and is likely to occur in the future. *See Thompson*, 2004 WL 1243080, at *2. On that finding, the court shall enter a protective order applying only to a person found to have committed family violence. TEX. FAM. CODE ANN. § 85.001. "Family violence" means:

> (1) an act by a member of a family. . . against another member of the family. . . that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself . . . .

*Id.* at § 71.004.

On May 26, 2011, the trial court issued a protective order. Appellant contends the protective order terminates his parental rights; however, the protective order does not state it terminates his parental rights as to B.A.T. Instead, the family code specifically permits the restrictions included within the body of a protective order. *See* TEX. FAM. CODE § 85.022(b). We, therefore, conclude the protective order issued here does not terminate appellant's parental rights. *See id.* at Ch. 161 (termination of the parent-child relationship).

We next consider appellant's argument that he was entitled to appointed counsel. Although we agree with appellant that the appointment of an attorney is mandatory when a governmental entity files a suit to terminate the parent-child relationship, no such termination suit has been filed here. *See id.* at §107.013 (addressing mandatory appointment of an attorney ad litem for a parent). As we have already determined, the trial court issued a proper protective order. *See id.* at § 85.022(b). We conclude appellant does not have the right to counsel in the hearing of a protective order. *See generally Culver v. Culver*, 360 S.W.3d 526, 535 (Tex.

App.—Texarkana 2011, no pet.) (noting there is no right to effective assistance of counsel in a protective order case).

Appellant next alleges he did not receive timely notice of the termination hearing or have a reasonable opportunity to prepare a defense. However, the record before us does not include any objection to the notice of hearing. Further, the record does not include a request for continuance, in which appellant seeks additional time to prepare a defense. Therefore, appellant has waived these issues on appeal. *See* TEX. R. APP. P. 33.1(a).

Finally, with regard to his fourth issue, appellant complains that he was harmed by the trial court's inadequate findings of fact and conclusions of law. In this case, it appears that no findings of fact and conclusions of law were requested by appellant, and none were filed by the trial court. When a party fails to request findings of fact and conclusions of law, any complaint about the trial court's failure to file findings and conclusions is waived. *See In re A.I.G.,* 135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.); *American Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.,* 74 S.W.3d 527, 530 (Tex. App.—Dallas 2002, pet. denied). Therefore, we overrule appellant's fourth issue. *See id.*

### d. Res Judicata

In his fifth issue, appellant argues the trial court abused its discretion by not applying res judicata to evidence introduced at a previous hearing. Specifically, appellant argues that on October 25, 2007, appellee submitted a set of writings[5] that she alleged appellant had written "over six years ago about his sister," and the associate judge subsequently denied the protective order. Appellant argues the same "set of writings" was submitted at the May 26, 2011 hearing

---

[5] The "set of writings" referenced by appellant is a seventeen-page hand-written plan in which he lays out his plan to kill his sister and four other family members so that he may reap a financial benefit from life insurance proceeds.

on protective order that is the subject of this appeal, but should have been excluded on res judicata grounds because they were previously rejected by the trial court.

We first note the record of the May 26, 2011 hearing, referenced in appellant's brief, is not part of the appellate record. When appellant bears the responsibility to designate the inclusion of particular relevant documents in the appellate record, and fails to do so, "[w]e must presume the missing documents would sustain the trial court's ruling." *In re T.M.G.R.*, 164 S.W.3d 851, 854 (Tex. App.—Beaumont 2005, no pet.) (citing *Till v. Thomas,* 10 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). There is no indication in the record that the trial court previously "rejected" the "set of writings" as alleged by appellant. We, therefore, address the merits of appellant's argument to the extent we are able. *See T.M.G.R.*, 164 S.W.3d at 854 (appellate court addressed the merits to the extent it was able when appellant failed to designate relevant documents to be included within the appellate record).

Res judicata bars the relitigation of *claims* that have been finally adjudicated or that could have been litigated in a prior action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) (emphasis added). The elements for establishing res judicata, or claim preclusion, are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). As already noted, appellant argues the same "set of writings" was submitted at the May 26, 2011 hearing on protective order that is the subject of this appeal, but should have been excluded on res judicata grounds because they were previously rejected by the trial court. However, res judicata applies to the relitigation of claims, not evidentiary rulings. *See Igal*, 250 S.W.3d at 86. Therefore, res judicata does not apply here. *See Amstadt*, 919 S.W.2d at 652. We overrule appellant's fifth issue.

*e. Affidavit*

In the "Issues Presented" section of his brief, appellant raises a sixth issue, in which he argues the trial court erred by not excluding an affidavit as evidence when appellant did not have the opportunity to "confront and cross-examine the opposing witness." However, that is the only reference to this issue in his brief. Appellant fails to include a clear and concise argument for his contention with appropriate citations to authority and the record. *See* TEX. R. APP. P. 38.1(h) (outlining requirements of appellant's brief). Failure to either cite authority or to advance a substantive analysis waives the issue on appeal. *Brown v. Hearthwood II Owners Ass'n, Inc.*, 201 S.W.3d 153, 161 (Tex. App.—Houston [14 Dist.] 2006, pet. denied) (citing *Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003 no pet.)). We, therefore, overrule appellant's sixth issue. *See id.*

## CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

111272F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICKEY TURNER, Appellant

No. 05-11-01272-CV     V.

NICOLE ROBERSON, Appellee

On Appeal from the 330th Judicial District Court, Dallas County, Texas

Trial Court Cause No. 03-05790-Y.

Opinion delivered by Justice Bridges.

Justices Lang and Richter participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of May, 2013.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE