**Opinion issued June 25, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00909-CV

_____

**DAVID LANCASTER, Appellant**

**V.**

**BARBARA LANCASTER, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 1245815**

---

## MEMORANDUM OPINION

Appellant, David Lancaster, challenges the trial court's issuance of a protective order prohibiting him from possessing a firearm and communicating with, engaging in harassing or abusive conduct toward, committing family violence against, and going near the residence or place of employment of appellee,

Barbara Lancaster.  In one issue, David contends that the statute[1] which required

the issuance of the protective order in this case violates his constitutional rights to

due process and to confront witnesses.[2]

We affirm.

## Background

Barbara and David Lancaster were married for twenty-four years and had

two children.  On September 9, 2009, Barbara obtained a protective order

prohibiting David from committing family violence against her and

communicating directly with her for a period of two years.  On July 25, 2012,

David pleaded guilty to two separate offenses of violating the protective order.

On August 12, 2012, Barbara filed an application for a second protective

order.[3]  The trial court conducted a hearing, and Barbara testified about the

issuance of the first protective order and David's two convictions for violations of

---

[1]    *See* TEX. FAM. CODE ANN. § 85.002 (Vernon 2008).

[2]    *See* U.S. CONST. amends. VI, XIV; TEX. CONST. art. 1, § 19.  In his summary of
       issues presented, David asserts that section 85.002 violates his rights as "set forth
       in Article 1, Section 19 of the Texas Constitution and of the 5th and 6th
       Amendments to the United States Constitution."  However, in the remainder of his
       brief, David asserts that his due process rights under the Fourteenth Amendment to
       the United States Constitution were violated.  To the extent that David is
       attempting to raise a separate complaint under the Fifth Amendment, it is waived
       due to inadequate briefing.  *See* TEX. R. APP. P. 38.1.

[3]    *See* TEX. FAM. CODE ANN. § 85.002.

2

the first protective order. David's trial counsel cross-examined Barbara and rested without presenting any witnesses.

## Waiver

In his sole issue, David argues that Texas Family Code section 85.002 is unconstitutional because it requires a court to issue a protective order based only on the evidence of a prior protective order and subsequent conviction of violations of the protective order.[4] *See* TEX. FAM. CODE ANN. § 85.006 (Vernon 2008). Additionally, David asserts that he did not receive adequate notice of the allegations against him.

As a prerequisite to presenting a complaint for appellate review, the record must show that "the complaint was made to the trial court by a timely request, objection, or motion." *See* TEX. R. APP. P. 33.1(a)(1); *Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012). This rule also applies to

---

[4]  David asserts that the protective order issued against him is a final, appealable order over which this Court has jurisdiction, and the State does not dispute his assertion. This Court, among the majority of others considering the issue, has previously concluded that a protective order is akin to a permanent injunction, and is, therefore, appealable if it disposes of all parties and issues. *See Vongontard v. Tippit,* 137 S.W.3d 109, 110 (Tex. App. —Houston [1st Dist.] 2004, no pet.); *Ulmer v. Ulmer*, 130 S.W.3d 294 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *B.C. v. Rhodes*, 116 S.W.3d 878, 882 (Tex. App.—Austin 2003, no pet.); *Kelt v. Kelt*, 67 S.W.3d 364, 366 (Tex. App.—Waco 2001, no pet.); *Cooke v. Cooke*, 65 S.W.3d 785, 787–88 (Tex. App.—Dallas 2001, no pet.); *Striedel v. Striedel*, 15 S.W.3d 163, 164–65 (Tex. App.—Corpus Christi 2000, no pet.); *In re Cummings*, 13 S.W.3d 472, 475 (Tex. App.—Corpus Christi 2000, no pet.); *Winsett v. Edgar*, 22 S.W.3d 509, 510 (Tex. App.—Fort Worth 1999, no pet.); *James v. Hubbard*, 985 S.W.2d 516, 518 (Tex. App.—San Antonio 1998, no pet.). Thus, we conclude that we have jurisdiction to address David's issue.

constitutional claims. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (noting that the Texas Supreme Court and the United States Supreme Court have both held that even constitutional claims must be raised before the trial court to preserve error); *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Here, David, in the trial court, did not challenge the constitutionality of section 85.002 during the hearing or in a motion for new trial. And he does not assert that his constitutional complaint may be raised for the first time on appeal. Accordingly, we hold that he has waived the issue for our review. To the extent that David is complaining that he was not permitted to present specific evidence and ask specific questions of witnesses, this complaint is also waived because he failed to preserve the issue with an offer of proof or formal bill of exception. *See* TEX. R. EVID. 103(a)(2); *Lone Starr Multi-Theatres, Ltd. v. Max Interests, Ltd.*, 365 S.W.3d 688, 703 (Tex. App.—Houston [1st Dist.] 2011, no pet.). An offer of proof, the primary purpose of which is to enable the reviewing court to determine if the exclusion was erroneous, must be specific enough that the reviewing court can determine admissibility. 365 S.W.3d at 703. A formal bill of exception would also preserve a complaint concerning excluded evidence. *See* TEX. R. APP. P. 33.2. "To complain on appeal about a matter that would not otherwise appear in the record," an appellant is required to make a formal bill of exception within thirty

days of filing the notice of appeal and must include the precise evidence the party desires admitted. *See* TEX. R. APP. P. 33.2(e)(1); *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.). Rule 33.2(c) sets forth specific written and procedural requirements for a formal bill of exception. A formal bill of exception must be approved by the trial court, and, if the parties agree to its contents, the trial court must sign the bill and file it with the court clerk. *See* TEX. R. APP. P. 33.2(c)(1)–(2). If the parties or the trial court do not agree with the contents of the bill, the rules provide a procedure for presenting the bill. *See* TEX. R. CIV. P. 33.2(c)(2)(A)–(C).

We overrule David's sole issue.

## Conclusion

We affirm the order of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

5