# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00326-CV

**Kean Bilyeu, Appellant**

**v.**

**Tamera Lynn Bilyeu, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 260,985, HONORABLE MIKE DENTON, JUDGE PRESIDING

Kean Bilyeu appeals from a family violence protective order. *See* Tex. Fam. Code Ann. ''
81.001-87.004 (West Supp. 2002). The State, on behalf of Tamera Bilyeu, Kean=s wife, filed a
presubmission motion to dismiss the appeal contending that we are without jurisdiction to review the
protective order by appeal.[1] We will dismiss the appeal for lack of jurisdiction.

### Background

---

[1] The county attorney for Travis County applied for the protective order on behalf of Tamera. *See* Tex. Fam. Code Ann. '' 81.007, 82.002(d)(1) (West Supp. 2002). We, however, refer to Tamera as the appellee.

On February 7, 2002, following a hearing, the trial court rendered a protective order which contained a finding that Kean committed an act of family violence. *See id.* '' 85.001(b), .022. Further, the order directs Kean (1) to refrain from committing acts of family violence against Tamera or her family; (2) to communicate with Tamera only through her attorney; (3) not to communicate or attempt to communicate a threat to Tamera or her family; (4) not to engage in conduct directed specifically toward Tamera or her family that is likely to harass, annoy, alarm, abuse, torment, or embarrass the person and not to stalk Tamera; (5) not to go within 200 yards of Tamera or their child, C.Z.B., or the locations listed in the order; (6) to pay $106 court costs; (7) to enter and complete the twelve-week domestic violence program by July 7, 2002; and (8) not to harm or remove any pets from Tamera=s possession. The order also suspends any license to carry a concealed weapon that Kean may possess and orders that he transfer any firearm in his possession to the Austin Police Department. Finally, the order provides that a violation of the order may be punished for contempt of court by a fine as well as confinement in jail. The order was to remain in effect for two years.[2] *See id.* ' 85.025.

Currently, two motions are pending before this Court: (1) Kean=s motion to extend time to file a notice of appeal and (2) Tamera=s motion to dismiss the appeal for want of jurisdiction. Kean states in his motion for extension of time that he has been attempting an amicable resolution of his differences with Tamera and that the real source of conflict is what he describes as Aan associated divorce action,@

---

[2] The order further provides that if Kean is incarcerated on the expiration date of the order, then the order shall remain in effect for one year after his release.

apparently pending in another cause. He asserts that the divorce Aif resolved would eliminate the perceived need for this action, and a related criminal proceeding.@ Further, he states that the parties have attempted to schedule a mediation, which, if it had occurred, would have resulted in an agreed temporary injunction, thereby eliminating the need for this protective order but, despite mutual efforts, due to scheduling difficulties, a mediation has not occurred and only now has it become necessary for Kean to pursue an appeal. Further, Kean asserts that the parties will mediate the pending divorce action.

## Discussion

The issue presented is whether this Court has jurisdiction to review by appeal a family violence protective order in effect while the parties= divorce proceeding is pending in the trial court. Appellate courts have jurisdiction over appeals from final judgments and specific types of interlocutory orders that the legislature has designated as appealable orders. *See North East I.S.D. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966) (ATo be final a judgment must dispose of all issues and parties in a case.@); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. '' 51.012, .014 (West Supp. 2002) (listing some appealable interlocutory orders). Absent either, we are without jurisdiction over an appeal.

The Family Code specifically addresses the relationship between protective orders and divorce proceedings or suits affecting the parent child relationship (ASAPCR@). *See* Tex. Fam. Code Ann. '' 85.061-.065. If an application for a protective order is pending, a court may not dismiss the application on the ground that a divorce proceeding is filed later in a different court. *Id.* ' 85.061. Also, if a divorce or SAPCR is pending, a party may apply for a protective order in the court in which the suit is pending or in a court in the county where the applicant resides. *Id.* ' 85.062. A protective order may be transferred, on

**3**

the motion of any party or on the court=s own motion, to the court where a divorce or SAPCR is pending. *Id.* ' 85.064. Once transferred, the protective order has the same effect as it would have in the court that rendered the order. *Id.* ' 85.065(a). A transferred protective order is subject to modification by the court that receives the order to the same extent modification is permitted by the court that initially rendered the order. *Id.* ' 85.065(c). On the motion of any party, the court, after a hearing, may modify an existing order to omit any provision that may have been included originally in the order or add any additional ruling. *Id.* ' 87.001. Except in certain circumstances, a protective order remains in effect for the period stated in the order, not to exceed two years. *Id.* ' 85.025(a).

Several appellate courts have addressed the issue of whether protective orders rendered under the Texas Family Code are appealable orders. Initially, the issue of appellate jurisdiction regarding protective orders was addressed in *Normand v. Fox*, where the court reviewed whether it had jurisdiction over an appeal from a protective order rendered *after* the parties divorced. 940 S.W.2d 401 (Tex. App.CWaco 1997, no writ). The *Normand* court held that the protective order was not appealable for two reasons. First, the court reasoned that absent explicit statutory authority to review a protective order, the appellate court was without jurisdiction to review the order. *Id.* at 403. Second, the court reasoned that the trial court=s retained power and jurisdiction to modify the existing protective order, either by removing provisions from the order or adding rulings not previously contained in the order, clouded the protective order=s finality. *Id.*

The *Normand* court distinguished the trial court=s power to modify an existing protective order from the trial court=s ability to modify a SAPCR. Under the Family Code=s statutory scheme, the

legislature designated a suit to modify a SAPCR as a new cause of action. *Id.* (citing Tex. Fam. Code Ann. ' 156.004 (West 1996)). In a suit to modify a SAPCR, while any modifications made by the trial court may alter the effect of the initial SAPCR provisions, the original decree remains final and a new final order results from the modification proceeding. *Id.* Conversely, in a proceeding to modify a protective order, at any time during its existence, all conditions and provisions therein are subject to change. Tex. Fam. Code Ann. ' 87.001. Further, there is no statutory provision designating a modification of a protective order proceeding as a new suit or keeping in place any of the original provisions or rulings. The *Normand* court held that a protective order was not a final judgment because throughout the order=s existence, its terms and conditions were subject to change by the trial court. 940 S.W.2d at 403. The *Normand* court concluded that mandamus was the proper appellate procedure to challenge a protective order and dismissed the appeal for lack of jurisdiction. *Id.* at 404.[3]

Other appellate courts have addressed protective orders similar to the one in *Normand*, that is, protective orders rendered and effective in the absence of a divorce proceeding pending between the parties. Analyzing the situation differently, these courts have held that the protective orders provided injunctive relief *and* disposed of all issues and parties, thereby rendering them final judgments for purposes

---

[3] The Tenth Court of Appeals revisited this issue in *Kelt v. Kelt*, and reversed its position in *Normand*, determining that a protective order is a final judgment, and that it indeed had jurisdiction to review a protective order by appeal. 67 S.W.3d 364 (Tex. App.CWaco 2001, no pet.) (father appealed protective order rendered for wife after child=s statement in counseling session regarding abuse by father).

of appellate jurisdiction. These courts reasoned that, by looking closely at the character and function of Family Code protective orders, the fact that (1) by statute and by their terms these orders expired within a set period of time, and (2) during their existence they were continually subject to modification by the trial court, did not affect the finality status of protective orders for purposes of appellate jurisdiction. *See James v. Hubbard*, 985 S.W.2d 516, 518 (Tex. App.CSan Antonio 1998, no pet.) (although protective order granted mother-in-law can be modified, substantively it is permanent injunction because duration does not require further court order); *see also In re Cummings*, 13 S.W.3d 472, 474-75 (Tex. App.CCorpus Christi 2000, no pet.) (expired post-divorce protective order capable of repetition yet evading review disposed of all issues and parties and was final judgment); *Cooke v. Cooke*, 65 S.W.3d 785, 786 (Tex. App.CDallas 2001, no pet.) (AThe simple fact that [a post-divorce protective] order may be modified does not suggest the trial court has not finally disposed of all the issues.@); *Winsett v. Edgar*, 22 S.W.3d 509, 509 (Tex. App.CFort Worth 1999, pet. denied) (per curiam) (post-divorce protective order disposed of all issues and parties). *But see Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (criticizing reasoning in *James* and noting that duration is only one factor in determining character and nature of order). Two other courts adopted the reasoning in *James* without mentioning whether a divorce proceeding was pending between the parties. *See Kelt v. Kelt*, 67 S.W.3d 364, 366 (Tex. App.CWaco 2001, no pet.) (protective order rendered for wife due to child=s statement during counseling session regarding abuse by father, but no suggestion divorce action filed); *Striedel v. Striedel*, 15 S.W.3d 163, 165 (Tex. App.CCorpus Christi 2000, no pet.) (protective order rendered for wife while living separately from husband).

Whatever the disparity in those cases, at least one court of appeals has held that any protective order rendered during the pendency of a divorce is not a final judgment for purposes of appellate jurisdiction. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.CEl Paso 1997, no writ). The *Ruiz* court held that absent any explicit statutory authority providing for appeal of a protective order, the court was without jurisdiction over the appeal. *Id.* (citing *Hughey v. Hughey*, 923 S.W.2d 778, 779 (Tex. App.CTyler 1996, writ denied)). The *Ruiz* court held that mandamus is the proper appellate procedure to review complaints about a protective order that is in effect while the parties=divorce proceeding remains pending in the trial court. 946 S.W.2d at 124. We find the reasoning in *Ruiz* persuasive.

We recognize that in *Ruiz*, the trial court that rendered the protective order had transferred the order to the court wherein the divorce proceeding between the parties was pending. *See* Tex. Fam. Code Ann. '' 85.064, .065. Here there is yet to be a transfer of the protective order to the court where the parties= divorce is pending. This distinction, however, makes no difference in the analysis. Under the Family Code=s statutory scheme relating to protective orders rendered during the pendency of a divorce proceeding, either the original court that rendered the protective order or the court to which the protective order may be transferred has the power to modify the terms and conditions of the order throughout its existence. *See id*. '' 85.065(c), 87.001.

Unlike other modification actions in the family law arena, *e.g.*, motions to modify support or conservatorship, which have been legislatively designated as Anew suits@ thereby making the original orders and the modification orders final and appealable, motions to modify protective orders do not enjoy such an explicit legislative designation. Further, the Texas Supreme Court has yet to declare that protective orders

7

are final judgments for purposes of appellate jurisdiction. Finally, the legislature has not designated protective orders as appealable interlocutory orders.

We hold that a protective order rendered during the pendency of the parties=divorce is not a final judgment for purposes of appeal. In effect, these orders are interlocutory orders for which the law provides no appeal. We conclude that there is no final judgment due to the ongoing power and ability of the trial court to revise *any* provision in the protective order at *any* time before it expires. We concur with the dissenting opinion in *Striedel* that there are sound reasons for the trial court to maintain its ongoing modification power over the issues and parties. AThe nature of a protective order and the ills it seeks to eradicate require the relief it provides to be tailored and revised to suit dynamic conditions and often volatile circumstances.@ *Striedel*, 15 S.W.3d at 168 (Yanez, J., dissenting). The trial court=s retained power to modify the order at any time casts doubt upon the finality of the order. When it issues a protective order while a divorce between the parties remains pending, the trial court has not *finally* disposed of all the issues and parties before the court.[4] Kean=s motion reflects that there is an associated divorce proceeding pending, as well as a related criminal matter. The parties have made efforts to mediate their divorce which could

---

[4] Although we question whether these orders are properly appealable in any event, we limit our decision to the facts before us. We reserve the issue of whether a protective order rendered post-divorce or in the absence of a pending divorce between the parties is within our jurisdiction to review by appeal as that issue is not presented here.

resolve their disputes. Kean=s motion reflects that there are ongoing issues between the parties making appeal of this order premature.

**Conclusion**

We hold that we are without jurisdiction to review the protective order Kean Bilyeau seeks to appeal while his divorce is pending. Further, we hold that mandamus is the proper procedure for appellate review of a family violence protective order in effect while the parties= divorce is pending in the trial court. Kean=s original motion and his amended motion to extend time to file his notice of appeal are dismissed. Tamera=s motion to dismiss the appeal for want of jurisdiction is granted. The appeal is dismissed for want of jurisdiction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed For Want of Jurisdiction

Filed: July 26, 2002

Publish