TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00543-CV






B.C., Appellant


v.


Scotty L. Rhodes on behalf of T.L.R., Appellee







FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY,

NO. 262619, HONORABLE MIKE DENTON, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N




 The majority opinion holds that the family-violence protective order at issue in this
case is appealable as a final judgment despite the continuing jurisdiction of the trial court to modify
the order. I respectfully dissent. Because family-violence protective orders can be modified at any
time and for any reason by the trial court, I believe that by statutory design they do not dispose of
all the issues and therefore we lack jurisdiction to entertain this appeal.

 This Court recently held that a protective order rendered during the pendency of the
parties' divorce is not a final judgment for purposes of appeal. See Bilyeu v. Bilyeu, 86 S.W.3d 278,
282 (Tex. App.--Austin 2002, no pet.). Although we reserved the issue of whether a protective
order rendered in the absence of a pending divorce between the parties is within our appellate
jurisdiction, we questioned whether protective orders are properly appealable "in any event." Id. at
282 n.4. Ultimately, we based our holding on reasoning that applies equally to the situation currently
before us. We concluded that "there is no final judgment due to the ongoing power and ability of
the trial court to revise any provision in the protective order at any time before it expires." Id.; see
Tex. Fam. Code Ann. § 87.001 (West 2002). Today, the majority acknowledges the rule that a
judgment or order is final if it disposes of all issues and parties, but does not adhere to it. Rather,
and contrary to our conclusion in Bilyeu, the majority concludes that "a family-violence protective
order that disposes of all the parties and issues can be appealed despite the continuing jurisdiction
of the trial court to modify the order." (Emphasis added.) Notably, the majority fails to provide a
principled distinction between a protective order rendered during the pendency of a divorce and one
rendered in the absence of a pending divorce. I do not believe that a principled distinction can be
made.

 This Court would do well to follow Normand v. Fox, where the court of appeals
reviewed whether it had jurisdiction over an appeal from a protective order rendered after the parties
divorced. 940 S.W.2d 401 (Tex. App.--Waco 1997, no writ). (1) The Normand court held that the
protective order was not appealable for two reasons. First, the court reasoned that absent explicit
statutory authority to review a protective order, the appellate court was without jurisdiction to review
the order. Id. at 403. Second, the court reasoned that the trial court's retained power and jurisdiction
to modify the existing protective order, either by removing provisions from the order or adding a
ruling not previously contained in the order, clouded the protective order's finality. Id. 

 The majority does not appear to take issue with the first prong of the analysis in
Normand but only disputes the second prong, arguing that the order's finality is not clouded for the
same reasons that a permanent injunction's finality is not clouded despite a trial court's jurisdiction
to review, open, vacate, and modify the injunction. I am unconvinced by this analogy with
permanent injunctions. A court's ability to issue injunctive relief ultimately stems from its powers
to grant equitable remedies; but its ability to issue a protective order as a result of family violence
derives solely from legislative mandate. Thus, a trial court can modify, review, or vacate a protective
order because the legislature designated such authority. See Tex. Fam. Code Ann. §§ 85.025, 87.001
(West 2000).

 As both Normand and Bilyeu recognized, the trial court's ability to modify a
protective order must be considered within the overall statutory scheme of the family code. See
Bilyeu, 86 S.W.3d at 280, 282; Normand, 940 S.W.2d at 403. For example, the legislature
designated a suit to modify a Suit Affecting the Parent-Child Relationship ("SAPCR") as a new
cause of action. See Tex. Fam. Code Ann. § 156.004 (West 2002). In a suit to modify a SAPCR,
while any modifications made by the trial court may alter the effect of the initial SAPCR provisions,
the original decree remains final and a new final order results from the modification proceeding. Id. 
Conversely, in a proceeding to modify a protective order, at any time during its existence, all
conditions and provisions therein are subject to change. Tex. Fam. Code Ann. § 87.001. Further,
there is no statutory provision designating a modification of a protective order proceeding as a new
suit or keeping in place any of the original provisions or rulings. Considering that the legislature has
specifically designated a motion to modify support or conservatorship as a "new suit," it is hard for
me to see finality in a protective order that, in the same suit, can be modified in any manner and at
any time before expiration.

 The majority summarily concludes that the protective order in this case is a final
judgment because it disposed of all the parties and issues. But if the protective order is continually
subject to modification until the time it expires, then how can it be said that the entire controversy
has been settled? The majority deems that the issues have been disposed of, but fails to explain how
the trial court's potential modification of the order's provisions will or will not affect those issues. 
I believe that, in the context of any protective order, it is precisely its particular provisions that are
at issue and that the legislature has determined should remain within the province of the trial court. 
In this case, the trial court could at any time increase or decrease the stay-away provision, allow the
applicant and the respondent to communicate, or order the respondent to attend counseling, among
other things. These changes would themselves be subject to revision. It makes little sense for an
appellate court to determine in a lengthy appeal whether these provisions are sufficiently supported
by the facts or the law when the legislature has determined that the issues that make up the subject
matter of the appeal can be reserved for later disposition by the trial court. (2) Further, how can a trial
court act to modify its order when the order is on appeal? Under the most basic rules of determining
jurisdiction, has not the trial court's plenary power been superseded by the loss of jurisdiction to the
appellate court? Of course, unless also superseded, the trial court has jurisdiction to enforce its
order; but nonetheless, it will be without jurisdiction to modify the order's provisions while an
appeal is pending. 

 Expressly concurring with Justice Yañez's dissenting opinion in Striedel v. Striedel,
in Bilyeu we stated that "there are sound reasons for the trial court to maintain its ongoing
modification power over the issues and parties." Bilyeu, 86 S.W.3d at 282 (citing Striedel v.
Striedel, 15 S.W.3d 163, 168 (Tex. App.--Corpus Christi 2000, no pet.) (Yañez, J., dissenting)). 
Even if the majority is willing to retreat from the path that we set out on in Bilyeu, I would continue
under the policy that "the nature of a protective order and the ills it seeks to eradicate require the
relief it provides to be tailored and revised to suit dynamic conditions and often volatile
circumstances." Striedel, 15 S.W.3d at 168 (Yañez, J., dissenting). The legislature's decision to
reserve in the trial court the broad power to modify any provision of the protective order by including
or excluding any item at any time clearly prevents the order from being an appealable, final
judgment. Therefore, I would hold that we lack jurisdiction to entertain this appeal. I would further
hold that, until the Texas Supreme Court declares that protective orders are final judgments for
purposes of appellate jurisdiction, or until the legislature has designated protective orders as
appealable interlocutory orders, the proper procedure for appellate review of a family-violence
protective order is by the expedient mechanism offered by mandamus. 

 I respectfully dissent.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: September 11, 2003

1. Granted, the court of appeals later reversed itself. See Kelt v. Kelt, 67 S.W.3d 364, 366
(Tex. App.--Waco 2001, no pet.). I note that the court did so with little more than a cursory
explanation, stating that because it believed that "a protective order should be subject to appellate
review, we have reexamined our prior position." Id. 
2. The majority acknowledges that the normal appellate process does not provide for effective
review of protective orders because a protective order is of short duration and therefore will often
expire before a standard appeal is decided. The majority suggests that "the most appropriate solution
to this problem would be for the legislature to provide for appellate review of family-violence
protective orders on an accelerated timetable." However, three bills have already been proposed that
would provide a right of appeal from protective orders. See House Comm. on Juvenile Justice &
Family Issues, H.B. 1741, 77th Leg. R.S. (2001); House Comm. on Juvenile Justice & Family Issues,
H.B. 2786, 76th Leg. R.S. (1999); House Comm. on Juvenile Justice & Family Issues, H.B. 2811,
75th Leg. R.S. (1997). The bills, premised on the belief that appellate courts do not have jurisdiction
to review and consider appeals of protective orders, provided that an appeal of a protective order
would be made on an accelerated process with preferential settings and strict deadlines. These bills
have never passed.