COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Miriam Blank v. Jack Nuszen

Appellate case number:   01-13-01061-CV

Trial court case number: 2008-51454

Trial court:             246th District Court of Harris County

Appellant, Miriam Blank, has filed an "Amended Emergency Motion for Stay Pending Appeal and Plea to Jurisdiction." In her motion, appellant asserts that, although her appeal is pending in the above-referenced case, appellee, Jack Nuszen, has filed a new petition to modify the parent-child relationship and obtained a temporary restraining ("TRO") order against her, and the trial court has issued a default judgment against her. Appellant requests that this Court "stay the trial pending the appeal" and "remove the ordered TRO." We **deny** her motion.

Based on appellant's notice that the trial court has "granted Appellee's Motion for Default Judgment" in his new suit for modification, however, it appears that this Court no longer has jurisdiction over this appeal. *See Bilyeu v. Bilyeu*, 86 S.W.3d 278, 280 (Tex. App.—Austin 2002, no pet.) (noting suit to modify constitutes new cause of action and results in new final order); *see also* TEX. FAM. CODE ANN. § 156.004 (Vernon 2014). The existence of an actual controversy is essential to the exercise of appellate jurisdiction. *See, e.g.*, *Valley Baptist Med. Ctr. v. Gonzales*, 33 S.W.3d 821, 822 (Tex. 2000). Appellate courts are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). The same is true if a court's judgment cannot have any practical legal effect upon a then-existing controversy. *In re A.T.M.*, No. 12-07-00243-CV, 2009 WL 1492832, at *4–5 (Tex. App.—Tyler, pet. denied) (mem. op.).

Accordingly, unless the parties to this appeal demonstrate, within **10 days** of the date of this order, that there remains a live controversy between them *as to the merits of this appeal*, the appeal may be dismissed. *See* TEX. R. APP. P. 42.3(a).

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
                   ☑ Acting individually    ☐ Acting for the Court

Date:  May 5, 2015