**Opinion issued August 11, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01061-CV

————————————

## MIRIAM BLANK, Appellant

## V.

## JACK NUSZEN, Appellee

———————————————————————————————————————

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-51454**

———————————————————————————————————————

## MEMORANDUM OPINION

Appellant, Miriam Blank, challenges the trial court's November 20, 2013 order, entered after a jury trial, modifying a divorce decree and appointing

appellee, Jack Nuszen, as sole managing conservator of their children.[1]  During the pendency of her appeal, Nuszen filed a new suit for modification, and the trial court issued a new final order, modifying its November 20, 2013 order.

We dismiss the appeal as moot.

### Background

In his 2010 petition to modify the parent-child relationship, Nuszen alleged that in 2009, he and Blank were divorced and, pursuant to an agreed decree, appointed as joint managing conservators of their five children.  He alleged that since the date of the decree the "circumstances of the children, a conservator, or other party affected by the order to be modified" had "materially and substantially changed."  And Nuszen sought sole managing conservatorship of the children and the exclusive right to designate their primary residence.

In her counter-petition, Blank similarly alleged that the possession order in the decree had "become unworkable and [was] no longer in the best interest of the children."  And she alleged that Nuszen's continued access to the children would "significantly impair [their] physical health and emotional wellbeing."  Blank also sought sole managing conservatorship.

A jury found that the circumstances of the children, Nuszen, or Blank had "materially and substantially changed" and appointing Nuszen as the sole

---

[1] *See* TEX. FAM. CODE ANN. § 101.032(a) (Vernon 2014).

managing conservator was in the children's best interest. On November 20, 2013, the trial court entered a final order, appointing Nuszen as the sole managing conservator of the children, appointing Blank as a possessory conservator, and ordering Blank to pay child support. Blank appealed, contending that the trial court erred in denying her motion for continuance and "motion to strike the jury venire," excluding expert testimony, granting a modification without a showing of changed circumstances, and denying her motion for new trial.

During the pendency of this appeal, Nuszen, on January 26, 2015, filed a new "Emergency Petition" to modify conservatorship, asserting that the "circumstances of the children ha[d] materially and substantially changed since the date of rendition" of the November 20, 2013 order. On April 23, 2015, the trial court issued a "Default Order," again appointing Nuszen as the sole managing conservator, but modifying Blank's access to the children and her child support obligations. On April 28, 2015, Blank filed a motion for new trial. She did not, however, appeal from the default order. Rather, on July 17, 2015, Blank filed a new petition to modify conservatorship.

**Mootness**

On May 15, 2015, this Court notified the parties of its intent to dismiss as moot Blank's appeal from the trial court's November 20, 2013 order unless she

filed a response demonstrating, in light of the trial court's April 23, 2015 order, this Court's jurisdiction. *See* TEX. R. APP. P. 42.3(a).

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome—the case becomes moot." *Id.* The same is true if an appellate court's judgment cannot have any practical legal effect upon a then-existing controversy. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

In response to this Court's notification, Blank first asserts that the filing of her notice of appeal "[d]ivested" the trial court of its jurisdiction to modify its November 20, 2013 order. However, a trial court that enters a decree affecting a child retains continuing, exclusive jurisdiction over a suit affecting the parent-child relationship ("SAPCR") pertinent to that decree. TEX. FAM. CODE ANN.

4

§§ 101.032, 155.001(a), 155.002 (Vernon 2014). And, in accord with its continuing, exclusive jurisdiction, the trial court may modify a prior order providing for the conservatorship, support, or possession of and access to a child. *Id.* § 156.001 (Vernon 2014). A suit for modification filed after the rendition of a final order in a SAPCR constitutes an "original" lawsuit. *See id.* § 156.004 (Vernon 2014); *see Normand v. Fox*, 940 S.W.2d 401, 403 (Tex. App.—Waco 1997, no pet.) ("A suit for modification is a new lawsuit filed after the rendition of a final order."). And a modification proceeding results in a "new final order." *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 280 (Tex. App.—Austin 2002, no pet.).

Here, Nuszen's new suit for modification, filed after the trial court's rendition of its November 20, 2013 final order, constituted an "original" suit. *See* TEX. FAM. CODE ANN. § 156.004. And the trial court's April 23, 2015 modification order constitutes a new final order. *See Bilyeu*, 86 S.W.3d at 280. Although a trial court has limited ability to issue temporary orders to protect a child's interest during the pendency of an appeal, the Family Code treats a modification as an original proceeding, and not a temporary order. *See* TEX. FAM. CODE ANN. §§ 109.001 (Vernon 2014), 156.004. And, although Nuszen filed his new petition for modification during the pendency of Blank's appeal from the trial court's November 20, 2013 modification order, the trial court retained jurisdiction to modify the order. *See Hudson v. Markum*, 931 S.W.2d 336, 337–38 (Tex.

5

App.—Dallas 1996, no writ) (holding trial court retained jurisdiction to modify child support order notwithstanding pendency of appeal from prior support order).

Blank next argues that her appeal is not moot because "not only was there an injury that [she] raised at the time of filing this appeal, but there is a *continuing* injury that this appeal could redress, and any relief granted by this Court would have practical legal effect if awarded." However, even were we to hold in Blank's favor in her appeal from the trial court's November 20, 2013 order, she would still be subject to the trial court's April 23, 2015 order, wherein the trial court again appointed Nuszen as the sole managing conservator of the children and modified Blank's access to the children and child support obligations. *See, e.g.*, *In re A.T.M.*, No. 12-07-00243-CV, 2009 WL 1492832, at *4–5 (Tex. App.—Tyler, pet. denied) (mem. op.) (noting any relief court could potentially grant would afford parent no new rights).

Finally, Blank argues that "even if this Court decides that [her] claims are moot, they nonetheless fall within an exception to the mootness doctrine" because the trial court's November 20, 2013 order "divests her of many of her parental rights and imposes an absurd child support amount on her," inquiries which are "capable of repetition." However, the "capable of repetition, yet evading review" exception to the mootness doctrine applies only in rare circumstances. *See Williams*, 52 S.W.3d at 184. It applies only when "the challenged act is of such

short duration that the appellant cannot obtain review before the issue becomes moot." *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). And there must be a reasonable expectation that the same action will occur again if the issue is not considered. *Id.*

Although Nuszen did file a new petition for modification and obtain a new order, Blank has not demonstrated that she could not obtain review of the new order. *See id.*; *see, e.g.*, *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd) (holding sixty-one-day protective order, expiring before appellate decision possible, rendered issues capable of repetition, yet evading review). "An issue does not evade appellate review if appellate courts have addressed the issue on the merits." *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 762 (Tex. App.—Fort Worth 2010, pet. denied). Texas courts have addressed modifications of conservatorship on numerous occasions. *See Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002); *Turner v. Turner*, 47 S.W.3d 761, 767 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also Ngo v. Ngo*, 133 S.W.3d 688, 691 (Tex. App.—Corpus Christi 2003, no pet.) ("Because of the stringent requirements to justify a change in custody, we cannot say that a division of custody is an act of such short duration that judicial review is precluded.").

We hold that Blank's appeal of the trial court's November 20, 2013 order has become moot because the issues presented are no longer "live." *See Williams*, 52 S.W.3d at 184.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Huddle.